IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES W. SUTTON, III | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 18-0728 |
| MAGGIO'S FAMOUS PIZZAS, INC. | : | |

**O R D E R**

**AND NOW**, this 31st day of October, 2018, upon consideration of Plaintiff's letter request that this Court order the production of all documents responsive to Plaintiff's request for production of documents and Defendant's letter response thereto, it is **ORDERED** that Plaintiff's request is **DENIED**.[1]

---

[1] Presently before the Court is Plaintiff's request that the Court compel Defendant to provide Plaintiff with a list of all fax numbers and customers to which Defendant has faxed advertisements from February 20, 2014, to the present. Plaintiff filed a Complaint on February 20, 2018, alleging that Defendant violated a provision of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (ECF No. 1.) Defendant filed an Answer to Plaintiff's Complaint on April 30, 2018 (ECF No. 6), followed by an Amended Answer on May 7, 2018 (ECF No. 10). Plaintiff filed an Amended Complaint on June 25, 2018 (Am. Compl., ECF No. 20), after which Defendant filed another Amended Answer on July 9, 2018 (Am. Answer, ECF No. 21).

Plaintiff alleges that he received at least 46 unsolicited fax advertisements from Defendant from 2017 until January 2018, in violation of the TCPA. (Am. Compl. ¶¶ 9, 19.) The TCPA prohibits the use of a fax machine to send unsolicited advertisements unless, *inter alia,* the recipient voluntarily communicated their fax number to the sender for the receipt of the advertisements. *See* 47 U.S.C. § 227(b)(1)(C). Any recipient of such unsolicited fax advertising may bring a private action against the sender for statutory damages of $500 per violation. *See* 47 U.S.C. § 227(b)(3).

Defendant admits that it has no paper record of Plaintiff's consent to receive its fax advertisements. However, Defendant argues that it does not send advertisements to any customer without their consent, so it must have received consent from Plaintiff. In response to Defendant's argument, Plaintiff requested that Defendant produce a list of all fax numbers and names of recipients who received faxes from Defendant from February 20, 2014, to the present so that Plaintiff could contact those individuals to assess whether they had provided consent to receive Defendant's advertisements. Defendant refused this request on the ground that such production would be irrelevant and disproportionate to the needs of the case. In a letter to the Court dated October 15, 2018, Plaintiff requested the Court to compel the production of this discovery. Defendant responded by letter dated October 24, 2018.

Federal Rule of Civil Procedure 34(a) states that a party may request production of documents and things as long as the request is within the responding party's "possession, custody, or control" and within the scope of discoverable materials under Rule 26(b).  Rule 26(b) states that material is discoverable so long as it is nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case.  The ordinary presumption is to allow discovery of relevant material.  *See First Niagara Risk Management, Inc. v. Folino*, 317 F.R.D. 23, 28 (E.D. Pa. 2016).  Therefore, a party resisting discovery has the burden of "establish[ing] a lack of relevance by showing that the material requested does not fall within the broad scope of relevance defined by Rule 26, or is of such little relevance that the potential harm occasioned by discovery outweighs the ordinary presumption favoring disclosure."  *Id.*  To determine whether material should be excluded from discovery, the court should examine:

1. the importance of the issues at stake in the action,
2. the amount in controversy,
3. the parties' relative access to relevant information,
4. the parties' resources,
5. the importance of the discovery in resolving the issues, and
6. whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1); *see also First Niagara*, 317 F.R.D. at 28 (analyzing proposed discovery using Rule 26(b) factors).  If at any point the court discovers that the proposed discovery does not meet the foregoing requirements, the court "must limit the frequency or extent of discovery otherwise allowed."  Fed. R. Civ. P. 26(b)(2)(C).

First and foremost, Defendant does not have a list of its fax recipients from 2014; it only has a list of recipients to whom it currently sends its faxes.  If a document does not exist, it cannot be within the "possession, custody, or control" of the party and therefore cannot be the subject of a request for production of documents and things.  *See Gordon v. Pennsylvania R. Co.*, 5 F.R.D. 510 (E.D. Pa. 1946) (denying request for discovery that receiving party does not have and stating that such action "is customary" pursuant to Rule 34).  Therefore, any proposed discovery related to Defendant's fax recipients must be limited to Defendant's current fax recipient list.

However, even compelling Defendant to produce its current list of fax recipients would be disproportionate to the needs of the case, given the proportionality factors listed in Rule 26(b).  The issues at stake in the action – protecting subscribers' privacy interests and preventing the shifting of advertising costs onto the consumer – are undoubtedly important.  *See* S. REP. NO. 102-178, at 1, 2 (1991) (stating purposes of TCPA).  Additionally, Defendant has sole access to the proposed discovery material.  Therefore, the first and third factors fall in favor of discovery.  *See, e.g., First Niagara*, 317 F.R.D. at 28 (denying discovery because, *inter alia*, issues in case were "of grave importance"); *Trask v. Olin Corp.*, 298 F.R.D. 244, 265 (W.D. Pa. 2014) ("Plaintiffs are unable to obtain [the requested information] through means other than discovery, which weighs in favor of compelling this discovery request.").  However, the amount in controversy is undetermined and the parties have not provided any information as to their relative resources.  Therefore, the second and fourth factors are neutral.

2

**IT IS SO ORDERED.**

BY THE COURT:

 /s/  R. BARCLAY SURRICK, J.

---

The fifth and sixth factors are the most relevant in this case. The importance of this discovery in resolving the issues is questionable. Moreover, the burden and expense of engaging in this discovery outweighs the potential benefit.

First, this dispute turns on the credibility of Plaintiff and Defendant regardless of the results of Plaintiff's proposed discovery. Even if Plaintiff uncovers fax recipients who did not give their consent to be added to Defendant's list, the factfinder will still have to make a credibility determination between Plaintiff and Defendant as to whether Plaintiff gave consent to be added to the list. Therefore, the discovery would be minimally beneficial to resolution of this case.

Second, the burden and expense involved in acquiring accurate subscriber testimony outweighs the minimal benefit Plaintiff could acquire from such information. Plaintiff would have to engage in a lengthy and cumbersome process with telephone carriers to obtain the names of subscribers. Plaintiff would then have to depose each of those subscribers. In addition, the subscribers that Plaintiff deposes may not even have knowledge of whether someone had given consent for their number to be added to the list. For example, a business-owned fax number may have any number of employees or representatives that could have given such consent. *See, e.g., Capetillo v. Primecare Med., Inc.*, No. 14-2715, 2016 U.S. Dist. LEXIS 85056, at *6 (E.D. Pa. June 28, 2016) (limiting discovery request because proposed discovery would be "monumental undertaking"); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, No. 88-9752, 1991 U.S. Dist. LEXIS 12959, at *13-14 (E.D. Pa. Sep. 16, 1991) (denying discovery of similar claims against defendant because it would involve "enormous inconvenience and management difficulties, . . . [and] a frightening potential for spawning unbearable side litigation").

Third, Defendant's business reputation and relationships with its customers would likely be harmed if Defendant were to disclose identifying information about its customers, thereby forcing them into the legal process for a suit in which they have no interest. In similar cases, the court has permitted such discovery on the condition that the defendant redact others' identifying information. *See, e.g.*, *Capetillo*, 2016 U.S. Dist. LEXIS 85056, at *7 (allowing discovery of medical complaints against defendant, similar to plaintiff's, on condition that personal information of other complainants be redacted). However, we cannot limit the intrusiveness of the request here because such a condition would defeat Plaintiff's purpose in requesting the information.

Fourth, the parties would undoubtedly require an extension of their discovery deadline if the Court were to grant this request. The discovery deadline is November 12, 2018. Given the questionable probative value of this information, and given the potential adverse effect on Defendant and its customers, we will not extend the deadline.

Given the foregoing, Plaintiff's proposed discovery is disproportionate to the needs of the case and therefore outside the scope of discovery permitted by Rule 26(b).